**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TANYA LEA B., *o/b/o* J.T.B.,

                               Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

No. 1:24-CV-1469
(DNH/PJE)

---

**APPEARANCES:**

Hiller Comerford Injury & Disability Law
6000 North Bailey Avenue- Suite 1a
Amherst, New York 14226
Attorneys for plaintiff

Social Security Administration
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for defendant

**OF COUNSEL:**

JEANNE E. MURRAY, ESQ.
JUSTIN M. GOLDSTEIN, ESQ.

CANDACE BROWN CASEY, ESQ.

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Tanya Lea B., on behalf of minor child, J.T.B.,[2] ("plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of a decision by the Commissioner of the Social Security Administration ("the Commissioner") denying her

---

[1] This matter was referred to the undersigned for Report-Recommendation and in accordance with General Order 18 and N.D.N.Y. L.R. 72.3(e).
[2] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Report-Recommendation and Order will identify plaintiff's last name by initial only.

application for supplemental security income ("SSI") benefits for lack of a disability. *See* Dkt. No. 1. Plaintiff moves for the Commissioner's decision to be vacated and remanded for further proceedings. *See* Dkt. No. 9. The Commissioner moves for the decision to be affirmed. *See* Dkt. No. 11.[3] Plaintiff filed a reply. *See* Dkt. No. 12. For the following reasons, it is recommended that plaintiff's cross-motion be granted, the Commissioner's cross-motion be denied, and the Commissioner's decision be remanded for further proceedings.

## I. **Background**

On July 16, 2019, plaintiff filed a Title XVI application for SSI benefits on behalf of a minor, J.T.B., alleging a disability onset date of January 1, 2019. *See* T. at 319-25[4] (*See* Dkt. No. 7-5).[5] On October 30, 2019, the Social Security Administration ("SSA") denied plaintiff's claim. *See id*. at 131-38 (*See* Dkt. No. 7-4). Plaintiff sought reconsideration, which the SSA denied on May 8, 2020. *See id*. at 142-48 (*See* Dkt. No. 7-4). Plaintiff appealed and requested a hearing. *See id*. at 149 (*See* Dkt. No. 7-4). Administrative Law Judge ("ALJ") Brian LeCours held a hearing over the course of three days: November 14, 2022, February 28, 2023, and April 17, 2024. *See id*. at 34-103 (*See* Dkt. No. 7-2). On June 10, 2024, the ALJ issued an unfavorable decision. *See id*. at 7-28 (*See* Dkt. No. 7-2). On October 15, 2024, the Appeals Council denied plaintiff's request for review, and

---

[3] This matter has been treated in accordance with General Order 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgement on the pleadings have been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

[4] "T." followed by a number refers to the pages of the administrative transcript. *See* Dkt. No. 7. Citations to the administrative transcript refer to the pagination in the bottom, right-hand corner of the page. Citations to the parties' briefs refers to the pagination generated by the Court's electronic filing and case management program, located at the header of each page.

[5] Due to the voluminous nature and many parts of the administrative transcript, in addition to the record citation, the undersigned will include the docket cite for factual citations.

the decision became final.  *See id*. at 1-6 (*See* Dkt. No. 7-2).  Plaintiff timely commenced this action on December 4, 2024.  *See* Dkt. No. 1.

## II.  **Legal Standards**

### A.  **Standard of Review**

"In reviewing a final decision of the Commissioner, a district court may not determine de novo whether an individual is disabled."  *Joseph J. B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-652 (BKS/CFH), 2024 WL 4217371, at *1 (N.D.N.Y. Aug. 29, 2024), *report and recommendation adopted,* No. 1:23-CV-652 (BKS/CFH), 2024 WL 4216048 (N.D.N.Y. Sept. 17, 2024) (citing 42 U.S.C. §§ 405(g), 1388(c)(3)); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  "Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence."  *Id.* (citing *Johnson v. Bowen*, 817 F.2d 983, 985-86 (2d Cir. 1987)); *see also Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).  "Substantial evidence is 'more than a mere scintilla,' meaning that in the record one can find 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id*. (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971))).  "The substantial evidence standard is a very deferential standard of review . . . [This] means once an ALJ finds facts, we can reject [them] only if a reasonable factfinder would have to conclude otherwise."  *Id*. (quoting *Brault v. Soc. Sec. Admin., Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)) (internal quotation marks omitted).  "Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, the decision should not be affirmed even though the ultimate conclusion is arguably

supported by substantial evidence." *Id.* (citing *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson*, 817 F.2d at 986)).   "However, if the correct legal standards were applied and the ALJ's finding is supported by substantial evidence, such finding must be sustained 'even where substantial evidence may support the plaintiff's position, and despite that the court's independent analysis of the evidence may differ from the [Commissioner's].'"   *Id*. (quoting *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992)).

## B.  **Determination of Disability**

To qualify for disability benefits under the Social Security Act,

[a]n individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).   "The Act does not require that the severity of a child's impairment be of comparable severity to that of a disabled adult."   *Jeffrey A. on behalf of J.M.A. v. Saul*, No. 5:18-CV-195 (CFH), 2019 WL 3081092, at *2 (N.D.N.Y. July 15, 2019).

"An ALJ follows a three-step sequential evaluation to determine whether a child is entitled to SSI benefits."   *Mari Eli S.D. on behalf of S.Y.C.S. v. Comm'r of Soc. Sec.*, No. 5:23-CV-314 (BKS/CFH), 2024 WL 4204254, at *3 (N.D.N.Y. Aug. 19, 2024), *report and recommendation adopted,* No. 5:23-CV-314 (BKS/CFH), 2024 WL 4203972 (N.D.N.Y. Sept. 16, 2024) (citing *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 75 (2d Cir. 2009)).   "First, the child must not be engaged in 'substantial gainful activity.'"   *Id.* (citing *Encarnacion*, 568 F.3d at 75 (quoting 20 C.F.R. § 416.924(a))).   "Second, the child 'must have a medically determinable impairment(s)' that is 'severe' in that it causes 'more than

minimal functional limitations.'" *Id.* (citing *Encarnacion*, 568 F.3d at 75 (quoting 20 C.F.R. § 416.924(c))).    "Third, the child's impairment or combination of impairments must medically or functionally equal an impairment listed in an appendix to the regulations." *Id.* (citing *Encarnacion*, 568 F.3d at 75 (quoting 20 C.F.R. § 416.924(d))).

"In order to determine whether an impairment or combination of impairments functionally equals the listings, the ALJ must assess the child's functioning in six main areas referred to as 'domains.'" *Jeffrey A. on behalf of J.M.A.*, 2019 WL 3081092, at *2 (citing 20 C.F.R. § 416.924(d)(1)) (additional citation omitted).    "The regulations define the domains as broad areas of functioning intended to capture all of what a child can or cannot do."    *Id.* (quoting 20 C.F.R. § 416.926a(b)(1)) (internal quotation marks omitted).    "The domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being."    *Id.* (citing 20 C.F.R. § 416.926a(b)(1)).

"If the child has 'marked limitations' in two domains or an 'extreme limitation' in one domain, then the child's impairment is functionally equivalent to a disability in the Listings." *Jeffrey A. on behalf of J.M.A.*, 2019 WL 3081092, at *2 (quoting 20 C.F.R. § 416.926a(d)). A child has a "marked limitation" when the child's

> impairment(s) interferes seriously with [his or her] ability to independently initiate, sustain, or complete activities.  [The child's] day-to-day functioning may be seriously limited when [the] impairment(s) limits only one activity or when the interactive and cumulative effects of [the] impairment(s) limit several activities.  "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme."

*Id.* at *2-3 (quoting 20 C.F.R. § 416.926a(e)(2)(i)).  "A marked limitation is equivalent to the functioning that would be found on standardized testing with scores that are at least

two, but less than three, standard deviations below the norm." *Id*. at *3 (quoting 20 C.F.R. § 416.926a(e)(2)(i)) (internal quotation marks omitted).

> A child has an "extreme limitation" when the child's
>
> impairment(s) interferes very seriously with [his or her] ability to independently initiate, sustain, or complete activities. [The] day-to-day functioning may be very seriously limited when [the] impairment(s) limits only one activity or when the interactive and cumulative effects of [the] impairment(s) limit several activities. "Extreme" limitation also means a limitation that is "more than marked" . . . [but] does not necessarily mean a total lack or loss of ability to function.

*Jeffrey A. o/b/o J.M.A.*, 2019 WL 3081092, at *3 (quoting 20 C.F.R. § 416.926a(e)(3)(i)). "An extreme limitation is the equivalent of functioning found on standardized testing scores that are at least three standard deviations below the mean." *Id*. (quoting 20 C.F.R. § 416.926a(e)(3)(i)) (internal quotation marks omitted).

In determining the extent of a child claimant's limitations, the ALJ is not to "rely on any test score alone. No single piece of information taken in isolation can establish whether you have a 'marked' or an 'extreme' limitation in a domain." 20 C.F.R. § 416.926a(e)(4)(i). The ALJ is to consider a claimant's "test scores together with the other information [they] have about [the claimant's] functioning, including reports of classroom performance and the observations of school personnel and others." *Id*. at § 416.926a(e)(4)(ii). The ALJ

> may find that [the claimant] [has] a "marked" or "extreme" limitation when [they] have a test score that is slightly higher than the level provided in paragraph (e)(2) or (e)(3) of this section, if other information in [their] case record shows that [their] functioning in day-to-day activities is seriously or very seriously limited because of [their] impairment(s).

*Id*. at § 416.926a(e)(4)(ii)(A). Conversely, the ALJ

> may find that [the claimant] do[es] not have a "marked" or "extreme" limitation, even if [their] test scores are at the level provided in paragraph

(e)(2) or (e)(3) of this section, if other information in [their] case record shows that [their] functioning in day-to-day activities is not seriously or very seriously limited by [their] impairment(s).

*Id*. at § 416.926a(e)(4)(ii)(B).

### III. **The ALJ's Decision**

The ALJ applied the three-step disability sequential evaluation. Before step one, the ALJ found that "[t]he claimant was born on March 2, 2015. Therefore, he was a preschooler on June 26, 2019, the date the application was filed, and is currently a school-age child." T. at 11 (*See* Dkt. No. 7-2). At step one, the ALJ determined that the claimant "has not engaged in substantial gainful activity since June 26, 2019, the application date." *Id*. (*See* Dkt. No. 7-2). At step two, the ALJ determined that "[t]he claimant has the following severe impairments: hearing loss, autism spectrum d/o, neurocognitive impairment, attention deficit hyperactivity d/o, and anxiety." *Id*. (*See* Dkt. No. 7-2). At step three, the ALJ determined that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. (*See* Dkt. No. 7-2). The ALJ then determined that "[t]he claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings." *Id*. (*See* Dkt. No. 7-2). The ALJ concluded that "the claimant has not been disabled, as defined in the Social Security Act, since June 26, 2019, the date the application was filed." *Id*. at 19. (*See* Dkt. No. 7-2).

### IV. **Discussion**

### A. **Arguments**

Plaintiff argues that "[t]he ALJ failed to provide the requisite explanation for each functional domain, leaving the determination unsupported by substantial evidence and frustrating judicial review." Dkt. No. 9 at 9. More specifically, plaintiff argues that "the ALJ listed out in bullet points how limited he found J.T.B. in each domain and discussed the evidence of record, and then he failed to provide any explanation for the individual domains' findings." *Id*. (citing T. at 11-19). Plaintiff explains that the ALJ "merely summarized portions of the record and evaluated the opinion evidence without discussing the domains, at all." *Id*. at 10 (citing T. at 11-19). Plaintiff asserts that "[t]he ALJ's evaluation of the opinion evidence gives no insight into how he arrived at the various domain findings. There is simply no explanation for how the ALJ determined that J.T.B. had the limitations assigned to each domain." *Id*. By not providing any explanation, plaintiff claims that "the ALJ failed to construct 'an accurate and logical bridge' between his recitation of the facts and the conclusions he reached." *Id*. (quoting *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002))). Plaintiff also argues that the ALJ failed to compare claimant's "functioning to that of a similarly-situated age-appropriate peer" or consider that he "was in two different age groups during the relevant period." *Id*. at 11 (citing Caldwell o/b/o J.W. v. Berryhill, 2018 WL 1081009, *3 (W.D.N.Y. Feb. 28, 2018)).

The Commissioner argues that the ALJ's decision was supported by substantial evidence. *See* Dkt. No. 11 at 6-10. The Commissioner asserts that the ALJ provided a "thorough and well-reasoned analysis sufficiently explain[ing]" how he determined the claimant's limitations for each domain. *Id*. at 6. The Commissioner claims that

> [i]n addition to rating the claimant's functioning in each domain, the ALJ properly explained how he evaluated the whole child . . . by considering how

the claimant functions at home, at school, and in the community; the interactive and cumulative effects of all of the claimant's medically determinable impairments on the claimant's activities; and the type, extent, and frequency of help the claimant needs.

*Id*. (quoting T. at 11) (internal quotation marks omitted).  The Commissioner argues that "plaintiff does not point to any evidence that would suggest the claimant had greater functional limitations than the ALJ found, nor does Plaintiff argue that the claimant had marked limitations in at least two, or an extreme limitation in at least one, of the six domains."  *Id*.  Rather, the Commissioner states that the ALJ relied on the medical opinions and prior administrative medical findings ("PAMFs") of record and "considered and discussed [this evidence] throughout the decision."  *Id*. at 7 (citing T. at 13-19).

### B.  **Analysis**

The ALJ concluded that the claimant has:

- less than a marked limitation in acquiring and using information;
- less than a marked limitation in attending and completing tasks;
- less than a marked limitation in interacting and relating with others;
- no limitation in moving about and manipulating objects;
- less than a marked limitation in the ability to care for himself; and
- less than a marked limitation in health and physical well-being.

T. at 12 (*See* Dkt. No. 7-2).  In reaching these conclusions, the ALJ stated that he "considered all of the relevant evidence in the case record[,]" "all symptoms[,] and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."  *Id*. (*See* Dkt. No. 7-2).  The ALJ then discussed plaintiff's testimony and the evidentiary record, determining which evidence he found more and less persuasive.  *See id*. at 13-19.

The undersigned concludes that the ALJ's decision is not supported by substantial evidence for two reasons.   First, the ALJ listed the six domains used to evaluate a

9

claimant's functioning and acknowledged that the claimant was a preschooler on the date the application for benefits was filed and is currently "a school-age child." T. at 11-12 (*See* Dkt. No. 7-2). However, the ALJ did not define the criteria that encompasses each domain or the differences in the criteria for each domain based on a claimant's age. *See* T. at 11-19 (*See* Dkt. No. 7-2); *see also* 20 C.F.R. §§ 416.926a(g)-(l); *Caldwell o/b/o J.W. v. Berryhill*, No. 1:15-CV-0613-MAT, 2018 WL 1081009, at *3 (W.D.N.Y. Feb. 28, 2018) (quoting *Gallo v. Colvin*, No. 15-CV-9302 (AT) (BCM), 2016 WL 7744444, at *7 (S.D.N.Y. Dec. 23, 2016) (citing 20 C.F.R. §§ 416.926a(g)(2)(iii)-(iv))) ("In deciding an application for child's SSI benefits, the ALJ is expressly required, for each functional domain, to 'compare how appropriately, effectively, and independently the child performs activities compared to the performance of other children of the same age who do not have impairments.'"). This is particularly evident as the claimant falls into two age brackets during the relevant period.

Similarly, the ALJ cites 20 C.F.R. § 416.926a when stating that the regulations require him to consider the evidence of record and compare the claimant's abilities to those "of other children the same age," but he does not do so when discussing the six domains. *See* T. at 11-12 (*See* Dkt. No. 7-2). Rather, the ALJ lists the evidence of record discussing the claimant's limitations as compared to other children his age without stating which evidence is applicable to which age bracket or providing any additional analysis. *See* T. at 14-18 (*See* Dkt. No. 7-2); *see* 20 C.F.R. §§ 416.926a(g)(2)-(l)(2).

Second, although ALJ discussed plaintiff's testimony and the evidence he considered in significant detail, the ALJ failed to apply that information to the six domains. *See* T. at 13-19 (*See* Dkt. No. 7-2). The ALJ noted that plaintiff testified that her child had

"difficulty completing tasks," "difficulty with personal hygiene," and "struggle[ed] to interact with peers." *Id*. at 13 (*See* Dkt. No. 7-2). Claimant's preschool teacher, Ms. Siciliano, reported that claimant "does not have a problem in acquiring and using information and that his functioning was age-appropriate," "has difficulty attending and staying on tasks" when he does not have his medication in the morning, "has serious problems with changing from one activity to another without being disruptive and organizing his own things," "has no problems with interacting or relating with others and his functioning was age-appropriate," "does not have any problems in caring for himself and that his functioning was age-appropriate," and "is prescribed medication for ADHD . . . on a daily basis." *Id*. (*See* Dkt. No. 7-2). The ALJ also discussed the state agency medical consultative examiners' opinions; the interrogatory responses from Dr. Grossman and Dr. Steiner; and the testimony of Dr. Koocher and Dr. Bradford, listing each expert's conclusions regarding claimant's limitations within the six domains. *See id*. at 16-19 (*See* Dkt. No. 7-2). Yet, the ALJ does not explain how each of these pieces of evidence was used in forming his own conclusions regarding claimant's limitations in each of the six domains. *See Shaune H. o/b/o T.A.P. v. Comm'r of Soc. Sec.*, No. 1:21-CV-0222 (DB), 2023 WL 1987992, at *3 (W.D.N.Y. Feb. 14, 2023) (concluding that "the ALJ failed to explain how the evidence supported less than marked limitations in the domains."); *Angel P. o/b/o J.T.W.S. v. Comm'r of Soc. Sec.*, No. 23-CV-0130 (LJV), 2025 WL 1030151, at *4 (W.D.N.Y. Apr. 7, 2025) (citing *Shaune H. o/b/o T.A.P.,* 2023 WL 1987992, at *3) (same); *Katie D. o/b/o J.L.T.S. v. Comm'r of Soc. Sec.*, No. 23-CV-6126 (FPG), 2023 WL 8825079, at *5 (W.D.N.Y. Dec. 21, 2023) ("Although the ALJ correctly stated the legal principles that

he was required to apply, his decision does not demonstrate that he actually applied them.").

Further, the ALJ listed each medical opinion pertaining to the domains as follows. Dr. Fassler opined that the claimant had no limitation with acquiring or using information, no limitation with attending or completing tasks, less than marked limitations in interacting and relating to others, less than marked limitations in moving and manipulating objects, and no limitation in his ability to care for himself.  *See* T. at 16.  Dr. Sharif-Najafi opined that claimant had less than marked limitations in health and physical well-being.  *See id*. Dr. Hennessey and Dr. Mantello affirmed Dr. Fassler and Dr. Sharif-Najafi's opinions, respectively.  *See id*.  The ALJ concluded that the state agency medical consultative examiners' opinions were "minimally persuasive because the evidence available at hearing supports a finding of somewhat greater limitations."  *Id*.

Dr. Grossman opined that "the claimant had no limitation with acquiring or using information; less than marked limitation attending and completing tasks; less than marked limitation interacting with others; no limitation moving about and manipulating objects; no limitation caring for himself; and less than marked limitation with maintaining his health and physical wellbeing."  T. at 16-17.  The ALJ found Dr. Grossman's opinion to be generally persuasive but noted that the medical record was developed further after Dr. Grossman proffered his opinion.  *See id*. at 17.

Dr. Steiner opined that "the claimant had no limitation with acquiring or using information; less than marked limitation attending and completing tasks; less than marked limitation interacting with others; no limitation moving about and manipulating objects; no limitation caring for himself; and no limitation with maintaining his health and physical

wellbeing." T. at 17. The ALJ found Dr. Steiner's opinion to be generally persuasive but noted that the medical record was developed further after Dr. Grossman proffered his opinion. *See id*. at 17

Dr. Koocher opined that "the claimant had less than marked limitation with acquiring and using information; less than marked limitation in attending and completing tasks; less than marked limitation interacting with others; no limitation with moving about and manipulating objects; less marked limitation caring for himself; and less than marked limitation with health and physical well-being." T. at 18. The ALJ found Dr. Koocher's opinion to be persuasive, noting that Dr. Koocher had the most updated medical records when he proffered his opinion. *See id*.

Dr. Bradford opined that claimant had less than marked limitation with acquiring or using information when on medications, less than marked limitation with attending or completing tasks, less than marked limitations in interacting and relating to others, no limitation in moving and manipulating objects, some marked limitation caring for himself because he is a child but overall, less than marked limitation in this domain, and less than marked limitation in health and physical well-being. *See* T. at 18. The ALJ found Dr. Bradford's opinion to be persuasive but noted that Dr. Bradford did not have the most up-to-date medical records when he submitted his medical source statement. *See id*.

The ALJ listed the information above but did not provide any further analysis of this evidence beyond reaching his own conclusions as to the degree of persuasiveness of each individual medical opinion. As such, it is unclear whether the ALJ adopted one, some, or all of the expert medical opinions as his own. Further, the ALJ did not explain how he reconciled the differences among the four medical opinions he found persuasive

to reach his own conclusions.  Moreover, as the ALJ did not define each of the six domains upon which each of the examiners opined, it is unclear what criteria each individual expert consultative examiners' opinions are analzying.  Therefore, without knowing the standard for each domain or how the ALJ applied the evidence to each domain, judicial review of the ALJ's conclusions is frustrated.  *See Lisa Marie S. v. Comm'r of Soc. Sec.*, No. 5:24-CV-421 (AMN/PJE), 2025 WL 2933273, at *9 (N.D.N.Y. July 18, 2025), *report and recommendation adopted,* No. 5:24-CV-0421 (AMN/PJE), 2025 WL 2751146 (N.D.N.Y. Sept. 29, 2025) (quoting *Alexandria S. v. Comm'r of Soc. Sec.*, No. 6:22-CV-20 (MAD/DJS), 2023 WL 2863323, at *5 (N.D.N.Y. Feb. 3, 2023), *report and recommendation adopted,* No. 6:22-CV-0020 (MAD/DJS), 2023 WL 2583212 (N.D.N.Y. Mar. 21, 2023) (quoting *Pamela P. v. Saul*, No. 3:19-CV-575 (DJS), 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020))) ("The ALJ must build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review."); *Alexis L. W. v. Comm'r of Soc. Sec.*, No. 5:24-CV-01131 (DNH/PJE), 2026 WL 214322, at *11 (N.D.N.Y. Jan. 12, 2026), *report and recommendation adopted sub nom. Alexis W. v. Comm'r of Soc. Sec.*, No. 5:24-CV-1131, 2026 WL 212716 (N.D.N.Y. Jan. 27, 2026) (same).

Therefore, the undersigned concludes that the ALJ's decision is not supported by substantial evidence, and the undersigned recommends remand to ensure that the ALJ properly considers each of the six domains.  *See Jeffrey A. on behalf of J.M.A.*, 2019 WL 3081092, at *2 (citing 20 C.F.R. § 416.926a(b)(1)); 20 C.F.R. §§ 416.926a(g)-(l).

## V. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby:

**RECOMMENDED**, that plaintiff's cross-motion (Dkt. No. 9) be **GRANTED**; and it is further

**RECOMMENDED**, that the Commissioner's cross-motion (Dkt. No. 11) be **DENIED**, and the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report-Recommendation and Order; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to U.S.C. §636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §636(b)(1); Fed. R. Civ P. 6(a), 6(e), 72.

Dated:  February 27, 2026
        Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge